IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-346-L |
| | § | |
| RON DEPOLO, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Standing Order of Reference*, filed March 13, 2008, this case has been referred to this Court for pretrial management. Before the Court is Petitioner's *Petition to Enforce Internal Revenue Service Summonses*, filed February 26, 2008. After consideration of the pleadings, evidence, oral argument, and applicable law, the Court recommends that the petition be **GRANTED**.

### I. BACKGROUND

On March 31, 2008, this Court issued an order for Respondent Ron DePolo ("Respondent") to show cause why the petition should not be ordered enforced at a hearing on Thursday, April 10, 2008, at 10:00 a.m. The Court ordered the IRS Revenue Officer to serve the show cause order on Respondent, and a return of service was filed on April 3, 2008, indicating that Respondent had been personally served with a copy of the show cause order at 8:30 a.m. on April 2, 2008.

The Court conducted the show cause hearing on Thursday, April 10, 2008. Respondent appeared as ordered. Revenue Officer Karen T. Preston of the Internal Revenue Service ("IRS") was called as a witness and testified that she served a summons on Respondent by hand-delivering a copy to his wife, an adult over the age of 16, at Respondent's last and usual residence on June 14,

2007. The summons required Respondent to appear at the offices of the IRS located at 1100 Commerce Street, Room 954, Dallas, Texas 75242, on June 28, 2007, to give testimony, and produce certain books, records and papers regarding his tax liability, if any, and/or the collection thereof, for the periods ending December 31, 1998; December 31, 1999; December 31, 2000; and December 31, 2001. Respondent failed and refused to comply with the summons, and has not complied as of this date. The documents are not in the possession of the United States, and that there is no "Justice Department referral."

Officer Preston also testified that she personally served Respondent with a copy of the show cause order at his residence on April 2, 2008.

## II. ANALYSIS

Where any person refuses to obey an IRS summons, the government may seek judicial enforcement of the summons. 26 U.S.C. § 7604. It is well settled that the government's *prima facie* case for enforcement requires only a "minimal" initial showing that the summons was issued in good faith, i.e., that (1) it was issued for a proper purpose, (2) that the material sought is relevant to that purpose, (3) that the information sought is not already within the Commissioner's possession, and (4) that the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell,* 379 U.S. 48 (1964); *Barquero v. United States,* 18 F.3d 1311, 1316 (5th Cir.1994); *United States v. McCoy,* 954 F.2d 1000, 1004 (5th Cir.1992). This showing may be made by a simple affidavit filed with the petition to enforce by the agent who issued the summons. *United States v. Linsteadt,* 724 F.2d 480, 482 (5th Cir.1984); *United States v. Davis,* 636 F.2d 1028, 1034 (5th Cir.), *cert. denied,* 454 U.S. 862 (1981). Once the government makes this minimal showing, the burden shifts to the party resisting the summons to challenge it on any appropriate ground, e.g.,

demonstrating an improper purpose of the summons or abuse of the court's process. *United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 316 (1978); *Powell,* 379 U.S. at 58; *McCoy,* 954 F.2d at 1004. Accordingly, the taxpayer, or the party challenging the summons, bears the "heavy" burden of rebutting the government's prima facie showing for enforcement of a summons. *United States .v Abrahams,* 905 F.2d 1276, 1280 (9th Cir.1990); *Liberty Financial Serv. v. United States,* 778 F.2d 1390, 1392 (9th Cir.1985).

In this case, the testimony of the Revenue Officer, as well as her declaration, established that the IRS needs the information summoned, and that the information may be relevant to the examination of Respondent's employment tax liability and that of his company for the periods ending December 31, 1998; December 31, 1999; December 31, 2000; and December 31, 2001. The Officer's testimony adequately met the United States' burden of establishing a legitimate purpose in issuing the summons and that the summonsed information may be relevant for that purpose. Her testimony also adequately meets the United States' burden of establishing that it does not have possession of the books and records summonsed. Respondent failed to meet his heavy burden of rebutting the government's prima facie showing for enforcement of a summons.

The Court therefore finds that the Internal Revenue Service summons issued by the Revenue Officer was authorized and properly served pursuant to the provisions of 26 U.S.C. §§ 7602 and 7603, and that jurisdiction to enforce the summons in this action properly exists in this Court pursuant to 26 U.S.C. § 7604(a). The Court finds that the summons which was the subject matter of this action was issued for a legitimate purpose pursuant to the Internal Revenue Code, seeks information relevant for that purpose, and seeks testimony and documents which are not presently in the possession of the Internal Revenue Service. The Court specially finds that the purpose of the

summons was to secure testimony, records and documents relating to the Respondent's tax liability in order to determine the amount of his tax liability. The summons was issued in compliance with all applicable statutes, rules, and regulations and there is no "Justice Department referral" in effect with respect to Respondent, or any person whose tax liability is at issue pursuant to said summons as that term is defined in 26 U.S.C. § 7602(d)). Accordingly, the requirements set out in *United States v. Powell,* 379 U.S. 48 (1963) have been satisfied, and the government is entitled to enforcement of the summons. *United States v. LaSalle National Bank,* 437 U.S. 298, (1978).

## III. RECOMMENDATION

For these reasons, the Court recommends that the petition to enforce the summons be **GRANTED**, and that Respondent Ron DePolo be **ORDERED** to appear before Revenue Officer Karen T. Preston, or another officer of the Internal Revenue Service, at 1100 Commerce Street, Room 951, Dallas, Texas, on **Wednesday, May 28, 2008, at 8:00 a.m.** to testify and produce all books, records, papers, and documents specified in the summons attached Exhibit "A" to the petition of the United States of America filed in this matter. The Court further recommends that all court costs be taxed against Respondent.

**SO RECOMMENDED** on this 10th day of April, 2008.

*[signature]*
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on Respondent by mailing a copy to him at 462 Birchwood Drive, Garland, Texas 75043. A copy of this order shall also be served upon Respondent by Revenue Officer Preston, or any other proper officer of the Internal Revenue Service, to make such service and make due return to this Court.

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE